IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CAROLINE M. BARR,** for herself and all
others similarly situated,

                **Plaintiff,**

v.                                                  CIV No. 02-1282 LH/KBM

**GREAT SOUTHERN LIFE INSURANCE
COMPANY**, a Texas corporation, and
**OHIO LIFE INSURANCE COMPANY**,
an Ohio corporation,

                **Defendants.**

## MEMORANDUM OPINION AND ORDER OF REMAND

**THIS MATTER** comes before the Court on Plaintiff's motion to remand and request for attorney fees (Docket No. 8). The Court, having considered the submissions of the parties and the relevant law, concludes that the motion is well taken and shall be **granted**.

**Background**

Plaintiff is the owner of a life insurance policy issued by Defendant, The Ohio Life Insurance ("Ohio Life"), an Ohio corporation.[1] The contract of insurance contained a schedule of premiums for semi-annual and quarterly payments. Plaintiff elected to pay on a semi-annual basis and now

---

[1] Great Southern Life Insurance Company assumed all obligations and liabilities for the policy from Ohio Life in 1997.

1

alleges that she incurred additional premium charges.  Plaintiff alleges that Defendants failed to disclose either the dollar amount or percentage rate of the additional premium, interest, finance charge or time-price differential charges that she was required to pay by paying her premiums semi-annually rather than paying premiums annually.

The Complaint asserts claims of failure to disclose material facts, breach of implied covenant of good faith and fair dealing, and unfair and deceptive practices.  Upon information and belief, the Complaint alleges that many thousands of policy holders of policies issued by Great Southern and Ohio Life, are affected by Defendants' non-disclosures and concealment.  Plaintiff seeks, individually and on behalf of a class consisting of Defendants' past and present policyholders who paid or pay premiums on other than an annual basis, restitution for wrongfully obtained interest charges, finance charges or time-price differential charges, as alleged, plus interest, injunctive relief, declaratory judgment and damages in an unspecified amount to be determined at trial, punitive damages, pre-judgment interest, attorney fees and costs.

On October 10, 2002, Defendants filed a Notice of Removal, alleging this Court has original and removal jurisdiction by reason of federal question jurisdiction and diversity jurisdiction.  Plaintiff's motion to remand was filed on October 28, 2002.

**Federal Question Jurisdiction**

Federal court jurisdiction is to be strictly construed and "there is a presumption against removal jurisdiction."  *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The burden to support federal court subject matter jurisdiction is entirely the Defendants'. A case must be remanded to state court if at any time before final judgment it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction exists. *See* CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE 2d, § 3522 at 62 (2d ed. 1984). Defendants first contend that this Court has federal question jurisdiction. It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law. *Gully v. First National Bank*, 299 U.S. 109 (1936). The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Cisneros v. ABC Rail Corp.*, 217 F.3d 1299, 1302 (10th Cir. 2000).

The Notice of Removal first asserts that this Court has jurisdiction because Plaintiff has asserted a cause of action that is completely pre-empted by ERISA.[2] It maintains that Plaintiff's class allegations encompass a number of individuals participating in ERISA employee benefit plans, and arise from policies that form part of those ERISA qualified plans. Defendants state that Plaintiff's claims relate to an ERISA plan.

I have carefully examined the allegations of the named plaintiff, Ms. Barr. Her complaint does not set forth an ERISA claim on its face. The complaint simply states that Ms. Barr purchased her policy "primarily for personal and family use." (*Id*. ¶ 7). There is no indication that her policy was purchased to fund an ERISA plan or is otherwise subject to ERISA. Furthermore, there is no mention of any other party's ERISA employee benefits or plans. There is simply nothing mentioned

---

[2] Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*.

in the complaint to establish that the claims in this case "relate to" ERISA plans.

I conclude that ERISA preemption does not provide a basis for removal.

The Notice of Removal next asserts that Plaintiff's alleged claims, are preempted by the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*. The Notice asserts that Plaintiff's claims are based on alleged duties of disclosure expressly governed by the TILA and related regulations. I note that Plaintiff has characterized these claims in terms of state law violations. Having studied the complaint, I conclude that no TILA claim is presented on the face of Plaintiff's complaint. TILA, by its fundamental terms, applies only to debtor-creditor relationships. *See* 15 U.S.C. § 1640. The complaint contains no allegations of such a relationship. Furthermore, unlike ERISA, I note that TILA lacks the extraordinary preemptive power necessary to convert a state-law complaint "into one stating a federal claim for purposes of the well-pleaded complaint rule." *See Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 65 (1987). The Plaintiff is the master of the complaint and may, by eschewing claims based on federal law, choose to have her cause heard in state court. *See Caterpillar, Inc. v. Williams,* 482 US. 386, 398-99 (1987). Under the well-pleaded complaint rule, I conclude that TILA does not preempt Plaintiff's choice of asserting state law claims.

Thirdly, the Notice of Removal asserts federal court jurisdiction under the All Writs Act, 28 U.S.C. § 1651 *et seq*. Defendants have withdrawn their argument under this Act, in light of the Supreme Court's recent decision in *Syngenta Crop Protection, Inc. v. Henson*, 123 S.Ct. 366 (2002), which was decided subsequent to filing of the Notice of Removal.

For the reasons above-stated, I conclude that the complaint does not present a federal question that warrants removal to this Court.

**Diversity Jurisdiction**

In addition to federal question jurisdiction, the Notice of Removal asserts that this Court has diversity jurisdiction over this case. There is no dispute that there is complete diversity of citizenship between the parties.

There is a problem however, with Defendants' arguments about the amount in controversy required to establish removal jurisdiction. This is determined by reference to the allegations in the complaint. *Laughlin v. Kmart Corp.*, 50 F.3d at 873. Where, as in this case, the complaint is silent concerning any specific amount in controversy, the removing party bears the burden of establishing in the Notice or Removal the underlying facts establishing that the amount in controversy exceed $75,000. *Id.* The Notice of Removal notes that the complaint seeks an unspecified amount of compensatory damages, including treble damages, punitive damages and attorney fees and costs. It asserts that the jurisdictional limit is met by what it would cost to comply with the injunctive relief sought, as well as by attorney fees and punitive damages.

Defendants' primary argument is that the cost of compliance with the requested jurisdictional relief by itself would satisfy the jurisdictional limit. Although the Notice does not cite any direct support for aggregation of such costs for jurisdictional purposes, it urges the Court to accept Defendants' assertion that the cost of compliance satisfies the requisite amount-in-controversy, or at a minimum, to stay this decision pending the Supreme Court's ruling in a case in which it recently heard oral argument, *Ford Motor Company v. McCauley*, 122 S. Ct. 1063 (2002). On October 15, 2002, the Supreme Court dismissed certiorari as being improvidently granted in the *McCauley* case. *Id.* at 123 S.Ct. 584 (Oct. 15, 2002). The underlying opinion from the Ninth Circuit[3] remains good

---

[3] 264 F.3d 952 (9th Cir. 2000).

law and provides no support for Defendants' arguments either.

The Tenth Circuit has held it is improper to look to the total cost of defendant's compliance where the plaintiff's claims in a class action are separate and distinct. *Lonnquist v. J.C. Penney Co.*, 421 F.2d 597 (10th Cir. 1970). As noted by Plaintiff's Reply Brief on page 10, this precedent has been applied numerous times in this district court[4] to consistently hold that removal jurisdiction does not exist in modal premium cases. United States Magistrate Judge Deaton wrote a particularly good analysis as to why Plaintiffs in these type of cases do not have a collective or "common and undivided" interest in the claim for injunctive relief. *See Lollecas v. State Farm Life Ins. Co.*, CIV No. 99-1428 WWD/LFG, Mem. Op. and Order (D.N.M., filed Feb. 14, 2000). I adopt Judge Deaton's analysis and agree that it would be improper to aggregate these separate claims in order to reach the prerequisite jurisdictional amount.

Furthermore, this Court is bound by the Tenth Circuit's *Martin v. Franklin* opinion[5], and consequently neither attorney fees nor punitive damages of potential class members will be aggregated for purposes of satisfying the jurisdictional limit.

Because Defendants have not shown sufficient evidence that the claims would satisfy the amount-in-controversy requirement, this Court must resolve any doubts on the issue against removal. *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982)(court must resolve any

---

[4] These cases include *Buscema v. Alstate Life Ins. Co.*, CIV No. 99-1379 BB/DJS, Mem. Op. and Order of Remand (D.N.M., filed June 1, 2000); *McNabb v. New York Life Ins. Co.,* CIV No. 99-1410 MV/DJS, Mem. Op. and Order (D.N.M., filed May 18, 2000); *Friesner v. North American Co. for Life & Health Ins.*, CIV No. 00-0028 WWD/LFG, Mem. Op. and Order (D.N.M., filed March 7, 2000); and, *Cadigan v. Transamerica Occidental Life Ins. Co*, CIV No. 99-1406 LFG/KBM, Mem. Op. and Order of Remand (D.N.M., filed Feb. 22, 2000).

[5] Indeed, the Defendants concede that in *Martin v. Franklin Capital Corp.*, 251 F.3d 1284 (10th Cir. 2001), the Tenth Circuit expressly refused to aggregate attorney fees and punitive damages of class members for jurisdictional purposes. Defendants urge this Court to disregard the Tenth Circuit's interpretation of the law and rely on another jurisdiction's law that allows removal on this basis

ambiguities or doubts against removal).

**Request for Costs and Attorney Fees**

Plaintiff has petitioned the Court for an award of reasonable costs and expenses, including attorney fees, incurred as a result of the removal. Such a request is considered by the Court under 28 U.S.C. § 1447(c). The key issue in this decision is the propriety of Defendants' removal. *Excell, Inc. v. Sterling Boiler & Mechanical*, 106 F.3d 318, 320-21 (10th Cir. 1997). This Court does not have to find that the state court action has been removed in bad faith as a prerequisite to awarding attorney fees and costs under this statute. *Daleske v. Fairfield Communities*, 17 F.3d 321, 324 (10th Cir. 1994).

In this instance, numerous similar modal premium cases have been remanded by other judges in this District. *Martin v. Franklin* was decided by the Tenth Circuit, since the time of these other remands, further weakening Defendants' prospects for removal. I conclude that this removal was improper, without sufficient legal justification to override the legal principle favoring a plaintiff's choice of forum and the legal presumption against removal, and that an award of reasonable costs and expenses, including attorney fees, incurred as a result of the removal, is warranted.

**ORDER**

For the reasons set forth above, the Court finds that this Court does not have jurisdiction over Plaintiff's claims and this case is therefore remanded to the County of Santa Fe First Judicial District for the State of New Mexico. Furthermore, pursuant to 28 U.S.C. § 1447(c), Defendants shall pay Plaintiff's reasonable costs and expenses, including attorney fees, incurred as a result of the removal.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**